# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| |
|---|
| VANESSA T. HAYES, |
|               Plaintiff, |
|               v. |
| DISTRICT OF COLUMBIA, |
|               Defendant. |

Civil Action No. 11-00800 (BAH)

## MEMORANDUM OPINION

Presently before the Court is plaintiff's motion for reconsideration of this Court's July 15, 2011 decision to deny plaintiff leave to file an amended complaint for failure to comply with Fed. R. Civ. P. 15(a) and Local Civil Rule 7(m). For the reasons explained below, the Court denies the motion for reconsideration, but, in the alternative, the Court will grant the plaintiff an extension of time *nunc pro tunc* to enable her to file her amended complaint.

## I. BACKGROUND

On January 18, 2011, the plaintiff filed a complaint in the Superior Court of the District of Columbia. *See* Compl at 1. The Complaint alleges various claims for relief arising out of the death of Gerard El Hayes while he was in police custody. *See generally* Compl. On April 27, 2011, the defendant, the District of Columbia, removed the case to this Court. ECF No. 1, Notice of Removal.

On May 20, 2011, the defendant timely filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). ECF No. 6. Pursuant to Local Civil Rule 7(b), the plaintiff's opposition to the motion to dismiss was due within 14 days – i.e., by June 3, 2011. Pursuant to Fed. R. Civ. P. 6(d), three extra

1

days may be added to this deadline, which would have required the plaintiff's opposition to the motion to dismiss to be filed by June 6, 2011.

On June 6, 2011, the plaintiff filed a motion, which was consented to by the defendant, to extend her time to respond to the motion to dismiss until July 6, 2011. ECF No. 7 ("Extension Motion"). This motion for extension of time was untimely under this Court's Standing Order, which states that "[m]otions for extensions of time or for continuances of court proceedings are strongly discouraged. . . .When good cause is present, however, the court will consider such a motion that . . . is filed at least 4 business days prior to the deadline the motion is seeking to extend . . . ." ECF No. 2, Standing Order, ¶ 7. Despite the untimely nature of the plaintiff's request for extension of time, the Court granted the request for extension on June 7, 2011 by a Minute Order that stated: "The plaintiff's opposition to the defendant's motion to dismiss shall be filed by July 6, 2011." The language of this order closely paralleled the language of the plaintiff's own motion, which stated that the "plaintiff respectfully requests that she be granted an extension of time extension of time, up to and including July 6, 2011, to file her opposition."[1] Extension Motion at 2.

On July 6, 2011, the plaintiff attempted to file an amended complaint instead of an opposition to the motion to dismiss. The plaintiff did not file any motion requesting leave to file an amended complaint, nor was the issue of amending the complaint addressed in the Extension Motion.

Presumably unaware that the plaintiff had attempted to file an amended complaint on July 6, the defendant filed a motion on July 15, 2011, requesting that the Court grant its motion to dismiss as conceded since the plaintiff "still ha[d] not filed an opposition to [the motion to dismiss] by July 6, 2011, the date ordered by the Court, nor has she sought additional time to do so." ECF No. 8.

---

[1] The plaintiff did not attach any proposed order to her motion to extend time, which violates Local Civil Rule 7(c). *See* Local Civil Rule 7(c) ("Each motion and opposition shall be accompanied by a proposed order.").

On July 15, 2011, the Court denied the plaintiff leave to file her amended complaint for failure to comply with Fed. R. Civ. P. 15(a), which governs the amendment of pleadings, and Local Civil Rule 7(m), which requires that parties confer before filing non-dispositive motions.

The plaintiff now moves for reconsideration of the Court's July 15, 2011 Order denying the plaintiff leave to file the amended complaint.

## II. DISCUSSION

The plaintiff contends that the Court "erroneously determined that the plaintiff failed to comply with Rule 15(a)" and that "[t]he fact of the matter is that the plaintiff fully complied with the applicable provisions" of that rule. Pl.'s Motion for Reconsideration ("Reconsideration Motion") at 3-4. According to the plaintiff, she was entitled to amend her complaint as a matter of course under Rule 15(a), and, therefore, the Court was required to accept her July 6 amended complaint as filed.

Rule 15(a) provides, in pertinent part, as follows:

> (a) Amendments Before Trial.
>
> (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:
>
> (A) 21 days after serving it, or
>
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a).

Here, the defendant filed a motion to dismiss pursuant to Rule 12(b) on May 20, 2011. Pursuant to Rule 15(a)(1)(B), the plaintiff had 21 days – i.e., until June 10, 2011 – in which she could have amended her complaint as a matter of course without the defendant's consent or the

court's leave. The plaintiff did not amend her complaint within that timeframe, nor did she move to extend the deadline to amend the complaint under Rule 15(a). Accordingly, the Court, in its July 15, 2011 Order correctly determined that the plaintiff's attempt to amend her complaint on July 6, 2011 violated Rule 15(a).

The plaintiff argues that the Court's June 7 Minute Order granting the plaintiff an extension of time in which to file her "opposition" to the defendant's motion to dismiss did double duty and extended both "the time for the plaintiff to . . . respond to the motion or file an amended complaint" until July 6. *See* Reconsideration Motion at 3. The Court disagrees.

The plaintiff's Extension Motion, which did not specifically invoke any of the Federal Rules of Civil Procedure or the Local Civil Rules, requested an extension of the deadline for the plaintiff to file an "opposition" to the motion to dismiss and did not refer to amending the complaint at all. The Court construed the Extension Motion in accordance with its plain meaning – as a request to extend the 14-day period for filing the "memorandum of points and authorities in opposition to the motion" to dismiss. Local Civil Rule 7(b). While the Court has the authority to extend both the time period for filing an opposition to a motion and the 21-day time period for filing an amended complaint as a matter of course under Rule 15, the simple fact that the Court granted an extension of the former time period does not automatically effect an extension of the latter and fuse these two separate deadlines into one, as plaintiff contends. *See Ramos v. Aurora Loan Servs.*, No. 09-61938, 2010 WL 966856, at *1 (S.D. Fla. Mar. 15, 2010) (finding that "Plaintiff's filing of the Amended Complaint is not a proper response to Defendant's motion to Dismiss" where the court had extended the deadline for the plaintiff to respond to the motion to dismiss beyond 21 days after service of the motion); *see also* Fed. R. Civ. P. 6(b) (providing that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . .").[2]

---

[2] Rule 15(a) is not one of the rules for which Rule 6(b) bars the granting of extensions by the Court. *See* Fed. R. Civ. P. 6(b)(2) (barring extensions of time under certain rules).

The history of Rule 15(a) supports the conclusion that an extension of time to file an opposition to a motion to dismiss does not automatically also extend the deadline to amend a complaint under Rule 15(a). Prior to 2009, Rule 15(a) allowed a party to amend a complaint once as a matter of course at any time before service of a responsive pleading. *See Curran v. Holder*, 626 F. Supp. 2d 30, 31 (D.D.C. 2009). Since a motion to dismiss is not a responsive pleading, *see id.*, the filing of a motion to dismiss previously had no effect on the timeframe in which a party could amend as a matter of course. In 2009, Rule 15(a) was amended so that "the right to amend once as a matter of course terminates 21 days after service of a motion under Rule 12(b) . . . ." Fed. R. Civ. P. 15, Advisory Committee's Note (2009 Amendments). The purpose of this change was to "force the pleader to consider carefully and promptly the wisdom of amending to meet the arguments in the motion." *Id.* The Report of the Judicial Conference Committee on Rules of Practice and Procedure, which proposed the 2009 amendment, noted that, under the prior version of the rule, "[s]ignificant problems can arise when a party files an amended pleading as a matter of right on the eve of a court's ruling on a dispositive Rule 12 motion." Summary of Report of Judicial Conference Committee on Rules of Practice and Procedure, at 24 (Sept. 2008). Thus, the purpose of the amendment was to require pleaders to file amended complaints promptly following dispositive motions and to increase efficient management of the court's docket. In addition, by specifying the timeframe in which an amended complaint may be filed, the 2009 amendment to Rule 15(a) provided courts and litigants with an enhanced degree of notice of whether a pleader intends to respond to a motion to dismiss via an amended complaint. These purposes are not advanced by adopting the plaintiff's position that an extension of time to file an opposition to a dispositive motion also automatically extends the time in which to file an amended complaint as a matter of course.

The Court finds, therefore, that its July 15, 2011 Order denying the plaintiff leave to file the amended complaint was in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Circuit. Accordingly, the motion for reconsideration is denied.

In the interest of efficient judicial administration, however, the Court will construe the motion for reconsideration, in the alternative, as a motion *nunc pro tunc* to extend the period in which the plaintiff may amend her complaint as a matter of right pursuant to Rule 15(a). *See* Fed. R. Civ. P. 6(b)(1)(B) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect."). In this instance, the Court will treat the plaintiff's failure properly to request an extension of the Rule 15(a) deadline in her original Extension Motion as an act of excusable neglect. Considering the early stage of this litigation, the Court will extend the time period in which the plaintiff may amend the complaint as a matter of course until the date of this Memorandum Opinion and the accompanying Order. In light of that decision, the Court will also deny both the defendant's pending motions – the motion to dismiss and the motion to treat the motion to dismiss as conceded – without prejudice to the defendant's filing renewed dispositive motions in connection with the amended complaint.

**DATED: JULY 29, 2011**  /s/ *Beryl A. Howell*
　　　　　　　　　　　　　　　　　　　　　BERYL A. HOWELL
　　　　　　　　　　　　　　　　　　　　　United States District Judge